UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Kreszowski,                              Case Nos. 3:19-cv-2989
                                                                                                   3:20-cv-1936

                 Plaintiff,

v.                                                                MEMORANDUM OPINION
                                                                            AND ORDER

FCA US LLC, *et al.*,

                 Defendants.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Keith Kreszowski has filed three lawsuits against Defendant FCA US LLC. (Case No. 3:17-cv-2371; Case No. 3:19-cv-2989; and Case No. 3:20-cv-1936). United Auto Workers Union, Local 12 Region 2B (the "Union") is a defendant in the 2017 and the 2020 cases, but not the 2019 case. The lawsuits involve claims of discrimination based on a perceived disability and for retaliation related to events occurring after Kreszowski was placed on a personal leave of absence in late 2016.

Kreszowski, FCA, and the Union completed written discovery and depositions in the 2017 case, and FCA and the Union filed motions for summary judgment. Shortly after briefing was completed on those motions, Kreszowski filed the 2019 case against FCA. FCA moved to consolidate the 2019 case with the 2017 case, and Kreszowski did not object. FCA moved for summary judgment in the 2019 case as well. In response, Kreszowski filed a motion for a continuance to conduct discovery, pursuant to Rule 56(d).

Shortly after the parties completed their briefing on those motions, Kreszowski filed the 2020 case. FCA moved to dismiss Kreszowski's claims against it in the 2020 case, while Kreszowski filed a motion to consolidate the 2020 case with the two earlier cases.[1] FCA and Kreszowski have completed briefing on the motion to dismiss.

The first step in resolving the parties' disputes is to resolve Kreszowski's Rule 56(d) motion and FCA's motion to dismiss. For the reasons that follow, I deny Kreszowski's motion and grant FCA's motion.

## II. ANALYSIS

### A. RULE 56(D) MOTION FOR DISCOVERY

If a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d)(2). A party seeking discovery under Rule 56(d) "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)) (further citation omitted).

Kreszowski seeks to depose a number of prospective witnesses and conduct some written discovery regarding the following topics:

(1) Plaintiff's Sickness and Accident Benefits did not end on August 13, 2018;
(2) There was not a determination by Dr. Daniels that Plaintiff could not return to work safely;
(3) Plaintiff attempted to provide medical evidence to Defendant on March 22, 2019;

---

[1] I ordered that the deadline for Defendants to respond to the motion to consolidate in the 2020 case be held in abeyance. (Case No. 3:20-cv-1936, Doc. No. 19).

2

(4) Plaintiff's Physician did not certify a disability to Sedgwick, and thus there was no medical reason to keep Plaintiff from work;

(5) Larry Price refused to accept Plaintiff's evaluation by Harbor which would permit him to return to work; and

(6) Kreszowski reported to the Plant Employment office on March 22, 2019, when the Plant was at a high level security alert.

(Case No. 3:19-cv-2989, Doc. No. 17 at 6-7; Doc. No. 17-1 at 2).

While a district court has the discretion to grant or to deny a Rule 56(d) motion, it typically will be an abuse of that discretion to deny the Rule 56(d) motion and rule on the summary judgment motion "when the parties have no opportunity for discovery." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). There are several exceptions to this rule, including where "'further discovery would not have changed the legal and factual deficiencies'" of the case. *Id.* (citing *Maki v. Laako*, 88 F.3d 361, 367 (6th Cir. 1996)).

While Kreszowski is correct that no discovery has occurred in the 2019 case, that case stands in a different real-world posture than most cases in which a party files a Rule 56(d) motion, as the 2019 case was filed on the heels of a full discovery period in the 2017 case. Further, Kreszowski's theories of recovery are the same, though the 2019 case involves additional developments which post-date the events contained in his 2017 complaint. The topics Kreszowski identifies in his affidavit reflect the limited universe of events not covered by discovery in the 2017 case.

Beyond these nuances, Kreszowski faces a hurdle he has not been able to surmount. A party seeking discovery pursuant to Rule 56(d) must make specific allegations about how the additional discovery would permit the party to show there is a genuine dispute of material fact. *See, e.g. CenTra, Inc.*, 538 F.3d at 420-21; *Doe*, 928 F.3d at 493-94.

Kreszowski does not dispute FCA's assertion that he already has documents relevant to his Sickness and Accident Benefits. (*See* Doc. No. 19 at 5). Nor does he contend the documents already provided are insufficient to address the fact identified in (1) above.

3

Next, Kreszowski has not shown further discovery would have any impact on the issues identified in (2) and (4) above – concerning his ability to return to work and the absence of a disability certification[2] – because those issues seek to prove a negative. If, as Kreszowski claims, these two things did not occur and are in fact material to his claims, it will be sufficient for Kreszowski to argue FCA did not meet its burden of proving the absence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a).

Lastly, the issues identified in (3), (5), and (6) above are facts within Kreszowski's knowledge. He admits as much in seeking to depose "several union officials who were present for the events in [the 2019 case], and therefore may be able to corroborate Plaintiff's version of events." (Doc. No. 21 at 4 n.1). Kreszowski fails to show such corroboration is necessary for him to oppose FCA's motion. *See, e.g., Moran v. Al Basit LLC*, 788 F.3d 201, 206 (6th Cir. 2015) ("[A] plaintiff's testimony is itself sufficient to create a genuine issue of material fact.") (citation omitted).

In sum, Kreszowski has not demonstrated that he requires additional discovery before he may adequately defend against FCA's motion for summary judgment. Therefore, I deny Kreszowski's Rule 56(d) motion. (Case No. 3:19-cv-2989, Doc. No. 17).

## B. CLAIM-SPLITTING

FCA moves to dismiss Kreszowski's claims against it stated in the 2020 case based upon the rule against claim-splitting. Claim-splitting is a rule derived from the doctrine of res judicata. That doctrine bars a subsequent case involving causes of action which were or should have been litigated in an earlier case in which a court already has issued a final decision on the merits. The rule against

---

[2] Kreszowski asserts, with regard to the purported lack of a disability certification, that he would "re-subpoena records from Sedgwick, as Sedgwick failed to respond to Plaintiff's subpoena at the end of the [2017 case] discovery period." (Doc. No. 17 at 7). While this assertion underscores the interrelated nature of Kreszowski's claims in these cases, Kreszowski does not explain why it would be necessary or appropriate to take an action which would in effect re-open discovery in the 2017 case, in which there are fully-briefed summary judgment motions.

claim-splitting conserves resources by permitting a court to consider "'whether the first suit, assuming it were final, would preclude the second suit,'" rather than waiting for the first suit to reach its conclusion. *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). *See also* 1 Am. Jur. 2d Actions § 99 (Nov. 2020 update) ("To determine whether a plaintiff is claim-splitting, as would support dismissal, the proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis."); 4 Elizabeth M. Bosek, J.D., et al., Cyclopedia of Federal Procedure § 14:196 (3d ed. Jan. 2021 update) ("Where the parties, the subject matter, and the relief sought are the same, the rule is to require a plaintiff to try the . . . whole case at one time and hence to deny the plaintiff the right to split a claim. A final judgment in the other case is not a prerequisite to the bar against claim splitting . . . .").

FCA argues that, because the claims in the 2020 case stem from the same transaction or series of transactions as the claims Kreszowski brought in the 2019 case, the 2020 claims against FCA must be dismissed. (Case No. 3:20-cv-1936; Doc. No. 12). FCA notes both the 2019 case and the 2020 case include factual allegations addressing the termination of Kreszowski's seniority in March 2019 and that the cases include the same state-law causes of action seeking, in part, relief for the "loss of his job position . . . [and] seniority." (Case No. 3:19-cv-2989, Doc. No. 1 at 9, 11; Case No. 3:20-cv-1936, Doc. No. 1 at 14).

Kreszowski contends he was not permitted to bring his federal claims regarding his termination in the 2019 case because he had not yet received a right-to-sue letter concerning those claims by the time he filed the 2019 case. (Doc. No. 15 at 4-5).

Plaintiff's argument falls short. While the rule against claim-splitting does not apply where "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground," Restatement (Second) of Judgments § 25, Comment. e (1982; Oct. 2020 update), a

5

"right-to-sue letter is a condition precedent and not a jurisdictional requirement." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). The *Rivers* court dealt with a circumstance in which the plaintiff's first case already had been dismissed and affirmed the preclusive effect of that earlier judgment on the plaintiff's second case by noting, in part, that the plaintiff could have amended her complaint in the first case upon receiving her right-to-sue letter. *Id.*

Kreszowski asserts claims concerning the termination of his seniority in both the 2019 and the 2020 cases. The Sixth Circuit has repeatedly applied the doctrine of res judicata to bar a plaintiff's attempts to bring a second suit based upon federal causes of action where the plaintiff already litigated a case involving state-law causes of action arising from the same set of operative facts. *See, e.g., Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) ("[O]nce plaintiff received his right to sue letter from the EEOC, he could and should have attempted to amend his complaint" to include his disability discrimination claim.); *Heyliger v. State Univ. & Comm.. Coll. Sys. of Tennessee*, 126 F.3d 849, 856 (6th Cir. 1997) (dismissing plaintiff's Title VII claim as precluded by earlier decision involving state-law claims arising out of same set of operative facts); *Donald v. Frugal I Inc.*, 74 F. App'x 593, 596 (6th Cir. 2003) ("[R]es judicata bars claimants who had not yet received their Right to Sue letters when their first lawsuits were pending from bringing subsequent lawsuits based upon the same set of operative facts . . . .").

Kreszowski also argues he could not have brought his federal termination claims in the 2019 case because FCA filed its motion for summary judgment before he received his right-to-sue letters. (Doc. No. 15 at 5). He does not explain why this is true; as I discussed above, FCA filed its motion early in the life of the 2019 case, and the briefing on that motion came to a halt when Kreszowski filed his Rule 56(d) motion.

The 2019 case, assuming it were final, would preclude Kreszowski's claims against FCA in the 2020 case. Therefore, I conclude Kreszowski's claims against FCA in the 2020 case are barred

by the rule against claim-splitting and grant FCA's motion to dismiss. (Case No. 3:20-cv-1936, Doc. No. 12).

### III. CONCLUSION

For the reasons stated above, I deny Kreszowski's Rule 56(d) motion for a continuance to conduct discovery, (Case No. 3:19-cv-2989, Doc. No. 17), and grant FCA's Rule 12(b)(6) motion to dismiss. (Case No. 3:20-cv-1936, Doc. No. 12).

The Union shall file its brief in response to Kreszowski's motion to consolidate no later than 14 days following the date of this opinion and order. Kreszowski may file a brief in reply no more than 7 days after the date on which the Union files its brief in response. The deadline for Kreszowski to respond to FCA's motion for summary judgment in the 2019 case is stayed pending the resolution of the motion to consolidate the 2020 case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge