UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Kreszowski,                                                                                         Case Nos. 3:20-cv-1936

                      Plaintiff,

v.                                                                                               MEMORANDUM OPINION
                                                                                                        AND ORDER

FCA US LLC, *et al.*,

                      Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Keith Kreszowski has filed three lawsuits against Defendant FCA US LLC. (Case No. 3:17-cv-2371; Case No. 3:19-cv-2989; and Case No. 3:20-cv-1936). United Auto Workers Union, Local 12 Region 2B (the "Union") is a defendant in the 2017 and the 2020 cases, but not the 2019 case. The lawsuits involve claims of discrimination based on a perceived disability and for retaliation related to events occurring after Kreszowski was placed on a personal leave of absence in late 2016.

Kreszowski seeks to consolidate this case with the 2017 case, asserting much of the discovery in the 2017 case could be used in this case and that consolidation "would streamline the processing of each of the cases," though he also acknowledges he intends to seek further discovery in this case. (Doc. No. 16 at 3). Kreszowski previously sought additional discovery in the 2019 case in response to FCA's motion for summary judgment, but I denied that motion. (*See* Doc. No. 20).

The Union opposes Kreszowski's motion to consolidate, arguing consolidation would only serve to further delay the resolution of the decisional summary judgment motions in the 2017 case. (Doc. No. 22 at 2). The Union indicates it is willing to stipulate to the use of most if not all of the discovery from the 2017 case in this case. (*Id.*).

## II.   ANALYSIS

The Federal Rules of Civil Procedure permit a court to join or consolidate two or more cases for pretrial proceedings, trial, or both, if those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In deciding whether to consolidate cases, a court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (further citation omitted). "Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011.

I conclude consolidation of the 2017 and 2020 cases is not appropriate. Kreszowski implicitly concedes that concerns about inconsistent adjudications of common questions are not present here, as he proposes specific areas into which he believes discovery would be necessary even if I deny his motion to consolidate. (Doc. No. 23 at 2).

Moreover, it is likely that consolidation would increase the burden on the parties, as well as increase the length of time necessary to resolve these cases, as consolidating these cases would create a further delay in the resolution of the pending summary judgment motions in the 2017 and 2019 cases. In short, consolidation likely would create prejudice rather than avoid it.

2

3

### III.   CONCLUSION

For the reasons stated above, I deny Kreszowski's motion to consolidate. (Doc. No. 16).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
