UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Kreszowski,                    Case No. 3:20-cv-1936

      Plaintiff,

  v.                          MEMORANDUM OPINION
                              AND ORDER

FCA US LLC, *et al.*,

      Defendants.

## I. INTRODUCTION AND BACKGROUND

This case is the third of three lawsuits Plaintiff Keith Kreszowski has filed regarding his employment with FCA US LLC and his membership in United Auto Workers Union, Local 12 Region 2B. (*See also* Case No. 3:17-cv-2371 and Case No. 3:19-cv-2989). Kreszowski alleged the Defendants discriminated and retaliated against him on the basis of a perceived disability, in violation of federal and state law. (Doc. No. 1). I previously dismissed Kreszowski's claims against FCA. (Doc. No. 20).

Non-Party International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), moves to quash a subpoena Kreszowski issued to UAW's former International Vice-President, Cindy Estrada.[1] (Doc. No. 44). Kreszowski filed a brief in opposition to UAW's motion, (Doc. No. 45), and UAW filed a brief in reply. (Doc. No. 47). For the reasons stated below, I grant UAW's motion.

---

[1] Estrada represents her term as Vice President ended at the end of 2022 and that she retired contemporaneously with the end of her term. (Doc. No. 44-1 at 2).

## II.  STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. P. 26(b)(3)(C).

"'A subpoena to a third party under [Federal Rule of Civil Procedure] 45 is subject to the same discovery limitations as those set out in Rule 26.'" *Mid Am. Sols. LLC v. Vantiv, Inc.*, No. 1:16-MC-2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016) (quoting *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *3 (E.D. Mich. Nov. 26, 2013)) (further citation omitted).  "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure. . . .  Demonstrating relevance is the burden of the party seeking discovery."  *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted).

## III.  ANALYSIS

UAW argues Estrada does not have any first-hand knowledge of the events at issue in this litigation and thus she could not provide any relevant testimony.  (Doc. No. 44-3).  Kreszowski contends he should be permitted to take Estrada's deposition because:

> Estrada issued several inter-office communications regarding Mr. Kreszowski and his grievances in which she states "after being investigated by myself…"  In those

2

> communications Ms. Estrada references Mr. Kreszowski's meetings with Dr. Daniels, the purported reason for his ceasing interactions with Dr. Daniels, and his Sickness and Accident Payments. These statements came from her "investigation" into Mr. Kreszowski's grievances. We believe Ms. Estrada's statements and the information reviewed during her "investigation" will aid us in eliciting testimony in direct conflict to statements made by Local 12's [Mark] Epley[, a union representative]. As such, Ms. Estrada's testimony may unearth relevant information pertaining to the Local 12 union perceiving Mr. Kreszowski as disabled, as well as for impeachment purposes of Local 12's agents, Epley and Sims.

(Doc. No. 45 at 3).

As UAW points out, the communications Kreszowski references were produced in discovery in the 2017 case. (*See* Case No. 3:17-cv-2371, Doc. No. 51-23). The Sixth Circuit Court of Appeals has affirmed my ruling in that case that Kreszowski had not identified sufficient evidence from which a reasonable juror could conclude Local 12 regarded him as disabled. *Kreszowski v. FCA US, LLC*, No. 21-3730, 2022 WL 782664, at *8-9 (6th Cir. Mar. 15, 2022), *cert. denied,* 214 L. Ed. 2d 82, 143 S. Ct. 243 (2022).

Kreszowski does not identify any new information which might support his hope that Estrada will provide testimony that directly contradicts Epley's prior statements or which could otherwise somehow prove Local 12 perceived him as disabled. Put another way, while the testimony Kreszowski seeks could be relevant to his case, he has not offered any reason to think that the testimony he wants Estrada to give will actually be the testimony she provides. He does not cite to any evidence that anyone told Estrada or one of her investigators that someone with Local 12 regarded Kreszowski as disabled. Nor has he offered any reason to think Estrada will provide testimony that would permit him to impeach testimony previously offered by Epley or any other Local 12 official.

I conclude Kreszowski has not carried his burden to show Estrada's deposition is likely to lead to the discovery of relevant information.

V. CONCLUSION

For the reasons stated above, I grant UAW's motion to quash. (Doc. No. 44).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge